### In re MELON PRODUCE, INC., Debtor.

### Bankruptcy No. 88–10112–WCH.

United States Bankruptcy Court,
D. Massachusetts.

Dec. 28, 1993.

---

Susan N. Kenneally, Isaac H. Peres, Riemer & Braunstein, Boston, MA, for trustee.

Alan M. Spiro, Andrew D. Cummings, Friedman & Atherton, Boston, MA, for Peter Karger.

Peter L. Zimmerman, Richard L. Blumenthal, Silverman & Kudisch, P.C., Boston, MA, for petitioning creditors.

## DECISION ON MOTIONS FOR SUMMARY JUDGMENT ON THE OBJECTIONS TO THE CLAIM OF PETER KARGER

WILLIAM C. HILLMAN, Bankruptcy Judge.

Peter Karger ("Karger") filed a proof of claim in this matter in the amount of $430,022.39. A partial objection was filed by Joseph Braunstein, the trustee ("Trustee"), who contended that the claim should be limited to $400,000.00, in accordance with the stipulation discussed below. A full objection was filed by the petitioning creditors in this case ("Objectors"), who sought equitable subordination of the claim as an alternative relief.

At a preliminary hearing it was agreed that the disputes between the parties involved primarily legal issues, and the Court directed that a motion for summary judgment be filed. Both the Trustee and the Objectors complied.

In his opposition to the Objectors' motion for summary judgment, Karger concedes that his claim is limited to $400,000.00 "by virtue of the Stipulation, 11 U.S.C. § 502(d) ... and Bankruptcy Rule 3002(c)(3)." This disposes of the Trustee's objection and leaves only that of the Objectors.

Fed.R.Civ.P. 56(c), made applicable to this motion by Fed.R.Bankr.P. 7056, provides that summary judgment shall be rendered in favor of a party

"forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

### Undisputed facts

1. In 1990 the Trustee filed an action against Karger and his wife, Susan S. Karger. Count I sought to recover a preferential transfer from Karger under 11 U.S.C. §§ 547(b) and 550(a). Counts II, III, and IV attacked the transfer to Karger as fraudulent under 11 U.S.C. §§ 548(a) and 550(a) and M.G.L. c. 109A, §§ 4 and 6. Count V was against both Karger and Susan S. Karger for a fraudulent transfer.

2. On October 28, 1991, the Trustee recovered final judgment on Count I in the District Court, in the amount of $430,022.39 plus prejudgment interest of $29,838.39 and costs. On the Trustee's motion, all remaining counts were dismissed.

3. The judgment was affirmed by the Circuit Court. *Braunstein v. Karger (In re Melon Produce, Inc.)*, 976 F.2d 71 (1st Cir. 1992).

4. On June 18, 1993, the Trustee moved for approval of a stipulation for settlement with Karger in the amount of $400,000.00. He recited his post-judgment discovery efforts and his doubts about Karger's liquidity.

5. The motion was granted on July 22, 1993, over the objection of the Objectors.

6. The substantive provisions of the stipulation include the following:

"1. Karger shall pay to the Trustee, on or before August 16, 1993 (the 'Settlement Date'), the sum of $400,000.00 (the 'Settlement Amount'). If the Settlement Amount is paid on or before the Settlement Date, the Trustee shall accept such payment in satisfaction of Karger's obligations.....

"2. If Karger pays the Settlement Amount by the Settlement Date, the Trustee shall not object to the allowance of Karger's unsecured claim in the amount of $400,000.00. Karger may seek a greater sum subject to review and objection by the Trustee, if appropriate."

7. The Trustee has received $400,000.00.

### Discussion

■ The Objectors' first point is that since Karger has not paid the judgment in full, § 502(d) bars his claim. I disagree. Karger claims no more than the amount which it was agreed would be, and was, paid under the settlement. Whatever the amount of the judgment, my order approving the stipulation adjusted the amount of the preference downward. To rule otherwise would deprive the settlement of its essential vitality.

■ Next the Objectors argue that Karger's claim should be subordinated because of certain allegations concerning the transactions from which the claim arose. The claims are primarily derivative from the same facts set forth in the Trustee's complaint seeking to avoid a fraudulent transfer. While the Trustee did not seek equitable subordination of Karger's claim—he was shooting for larger game—he might well have done so based upon the facts of the matter, and res judicata bars all available grounds for recovery, regardless of whether or not asserted. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

Karger contends that this objection is barred by the dismissal of the fraudulent conveyance counts of the Trustee's complaint. This argument merits more attention than the first.

"A valid and final judgment in an action brought to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to matters declared, and, in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action."

Restatement (Second) of Judgments § 33 (1982), as quoted in *Lube 495, Inc. v. Jiffy Lube International, Inc.*, 813 F.Supp. 100, 112 (D.Mass.1993). *See also Dennis v. R.I. Hospital Trust National Bank*, 744 F.2d 893, 898 (1st Cir.1984).

It was the Trustee, not the Objectors, who brought the previous action, and the Trustee would surely be barred from arguing that his allegations of a fraudulent transfer survived the judgment. His agreement that he would not object to a $400,000 claim subsumes that he would not seek to have it equitably subordinated. *Bezanson v. Bayside Enterprises, Inc. (In re Medomak Canning)*, 922 F.2d

895, 903 (1st Cir.1990). It remains to be seen if the relationship between the Objectors and the Trustee is such that the Objectors are bound by the Trustee's settlement, for "a final judgment on the merits bars further claims by parties *or their privies* based upon the same cause of action". *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (emphasis added).

In *Bezanson* the trustee had entered into a settlement with a creditor in exchange for a payment to the estate. The bankruptcy court approved the settlement, which did not discuss the issue of equitable subordination of the creditor's claim. A creditor subsequently sought to raise the equitable subordination issue.

The Circuit Court held that the creditor was in privity with the trustee. It agreed with the Fifth Circuit that

> "privity may be established by identification of interests, even where representation of those interests is not authorized. The Trustee could bind appellants in compromising equitable subordination claims against appellees based upon such identification of interests between the Trustee and appellants that the Trustee was acting as their virtual representative."

922 F.2d at 901, quoting *Meza v. General Battery Corp.,* 908 F.2d 1262, 1267 (5th Cir. 1990).

It went on to hold that the settlement was binding as res judicata to preclude the creditors from asserting equitable subordination for their own benefit:

> "As unsecured creditors, appellants could not in these circumstances evade the responsibility of looking to the Trustee in the first instance as their fiduciary and representative to vindicate their interests, including even their interest in pursuing equitable subordination beyond the hope of receiving a pro rate distribution of the estate along with other unsecured creditors. The Trustee is ordinarily the appropriate party to seek equitable subordination on behalf of the estate and unsecured creditors. Generally, an unsecured creditor may assert equitable subordination only where the Trustee has refused to do

so and the court grants an unsecured creditor leave to contest a claim."

922 F.2d at 902 (citations omitted).

I conclude that the previous settlement precludes the Objectors from raising the issues of equitable subordination at this time.

### Conclusion

■ Fed.R.Civ.P. 56 permits entry of summary judgment in favor of the nonmoving party even though he has made no formal cross motion under the rule. *National Expositions v. Crowley Maritime Corp.,* 824 F.2d 131, 133 (1st Cir.1987). Having found that res judicata bars the assertion of the claims made by the Objectors, summary judgment is granted to Karger and the Objectors' objection to the allowance of his claim is overruled.

As noted above, Karger has agreed that his claim should be limited to $400,000. It will be allowed in that amount and the Trustee's objection to a larger claim is moot.